United States District Court
Southern District of Texas
**ENTERED**
July 17, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TYE SHIELDS, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:24-cv-01291 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| CITY OF HOUSTON, | § | |
| Defendant. | § | |

OPINION AND ORDER
GRANTING MOTION TO DISMISS

The motion by Defendant City of Houston to dismiss for lack of subject matter jurisdiction is granted. Dkt 14.

1. Introduction

The allegations of the amended complaint are as follows.

Plaintiff Tye Shields is or was a student at St. Thomas University. He visited the Chapel of St. Basil there on the morning of August 24, 2022. Dkt 13 at ¶¶10–11.

Shields alleges, "Several City Houston police (HPD) officers, Precinct 1 Deputy Constables Holley and Goodson, and University of St. Thomas police officers Bobby Bumgarner and Sgt. D. Gonzalez arrived at the Chapel and asked Tye to come outside." Id at ¶12. He complied. Ibid. Once outside, Shields was grabbed by Constables Holley and Goodson and officers Bumgarner and Gonzalez, who "wrenched his arms," causing Shields pain. Id at ¶13. The officers then, "acting in concert," threw Shields on the ground and "piled on" him. Id at ¶14.

Shields claims that this incident caused a lack of feeling in his thumb, knee abrasions, and pain in his knee and elbow. Ibid. EMS was called, and Shields was taken to

St. Joseph's Hospital. Id at ¶16. He claims that he "suffered great physical pain and for weeks, perhaps months thereafter," and that he experienced "at least anxiety, fear, and depression." Id at ¶17.

Shields also alleges that, during the incident, all of the officers present "viewed the excessive force" and didn't intervene despite "having plenty of time to do so." Id at ¶16. He also cites various alleged instances of excessive force perpetrated by HPD officers and the City's response to those incidents. Dkt 13 at ¶¶18–50.

Shields initiated this suit in federal court in April 2024 against the City of Houston, asserting violations of the Fourth and Fourteenth Amendments and liability for failure to intervene. Dkt 1. The complaint didn't identify any HPD officer by name. The City moved to dismiss for lack of subject-matter jurisdiction and for failure to state a claim. Dkt 8.

Shields requested an extension to file a response. Dkt 11. But he then instead amended his complaint to add Defendants The University of St. Thomas, UST Sergeant D. Gonzalez, UST Officer Bobby Bumgarner, Precinct 1 Deputy Constable Goodson, and Precinct 1 Deputy Constable Holley. Dkt 13. The amended complaint didn't substantively alter any of his claims against the alleged HPD officers present at the scene. Compare Dkt 1 at ¶¶6–12, with Dkt 13 at ¶¶11–17; see also Dkt 13 at ¶11 (revising location of arrest from Rothko Chapel to Chapel of St. Basil). But notably, Shields still doesn't identify any HPD officer by name, even though he maintained his claims against the City. Dkt 13.

Pending is a renewed motion by the City to dismiss for lack of subject-matter jurisdiction and for failure to state a claim. Dkt 14.

> 2. Legal standard

Subject-matter jurisdiction is inherently a threshold matter. *Steel Co v Citizens for a Better Environment*, 523 US 83, 94–95 (1998), quoting *Mansfield, Coldwater & Lake Michigan Railway Co v Swan*, 111 US 379, 382 (1884). This

is because federal courts are ones of limited jurisdiction. *Howery v Allstate Insurance Co*, 243 F3d 912, 916 (5th Cir 2001), citing *Kokkonen v Guardian Life Insurance Co of America*, 511 US 375, 377 (1994). A decision to hear a case that's beyond the subject-matter jurisdiction of a federal court isn't a "mere technical violation," but is instead "an unconstitutional usurpation" of power. Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure §3522 (West 3d ed April 2022 update)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to seek dismissal of an action for lack of subject-matter jurisdiction. The Fifth Circuit recognizes that a motion under Rule 12(b)(1) can present two different types of challenges to subject-matter jurisdiction—one facial, the other factual. See *Paterson v Weinberger*, 644 F2d 521, 523 (5th Cir 1981); *Lee v Verizon Communications Inc*, 837 F3d 523, 533 (5th Cir 2016). In a *facial challenge*, the defendant argues simply that the allegations in the complaint are insufficient to support jurisdiction. The court on such motion must then look only at the operative complaint, with all allegations presumed to be true. See *Paterson*, 644 F2d at 523. In a *factual challenge*, the defendant submits evidence together with the argument contesting jurisdiction. The court then isn't limited to the facts pleaded in the complaint, but instead has discretion to consider any evidence submitted by the parties, such as affidavits, testimony, and documents. Ibid; see also *Kasali v FBI*, 2017 WL 6343654, *2 (SD Tex 2017). Discretion would then also exist to weigh any competing evidence based on credibility assessments. *Williamson v Tucker*, 645 F2d 404, 413 (5th Cir 1981) (citation omitted)

Dismissal is appropriate "when the court lacks the statutory or constitutional power to adjudicate the claim." *In re Federal Emergency Management Agency Trailer Formaldehyde Products Liability Litigation*, 668 F3d 281, 286 (5th Cir 2012), quoting *Home Builders Association Inc*

*v City of Madison*, 143 F3d 1006, 1010 (5th Cir 1998) (internal quotations omitted). The burden is on the party asserting jurisdiction to establish by a preponderance of the evidence that it is proper. *New Orleans & Gulf Coast Railway Co v Barrois*, 533 F3d 321, 327 (5th Cir 2008). Indeed, a presumption against subject matter jurisdiction exists that "must be rebutted by the party bringing an action to federal court." *Coury v Prot*, 85 F3d 244, 248 (5th Cir 1996).

Challenge under Rule 12(b)(1) extends to the standing of the plaintiff to assert a claim. *Moore v Bryant*, 853 F3d 245, 248 n 2 (5th Cir 2017). A plaintiff must establish standing because the United States Constitution vests power in the federal courts to adjudicate only "Cases" and "Controversies." Art III, §2. The burden is squarely upon the party asserting a claim in federal court to establish Article III standing by showing that (i) he's suffered an injury in fact, (ii) the injury is fairly traceable to the challenged conduct, and (iii) the injury is likely to be redressed by a favorable decision. *Lujan v Defenders of Wildlife*, 504 US 555, 560–61 (1992); *Spokeo Inc v Robins*, 578 US 330, 338 (2016), citing *FW/PBS, Inc v Dallas*, 493 US 215, 231 (1990). This means that the plaintiff must clearly allege facts at the pleading stage that demonstrate each criterion. *Spokeo*, 578 US at 338, quoting *Warth v Seldin*, 422 US 490, 518 (1975).

3. Analysis

The City's motion submits evidence as to standing, and so it will be treated as a factual challenge. Notably, Shields hasn't filed a response, and so the motion will also be treated as unopposed. Local Rule 7.4. It will be granted on that basis alone. But a light address of the merits will still be considered.

The City at the outset requests that judicial notice be taken "of public records including Texas Department of Public Safety arrest history, Harris County Precinct 4

4

Constable incident reports, Harris County District Clerk judicial records," and Houston Police Department offense reports. Dkt 14 at 10. The request is granted as unopposed. It's also appropriate under controlling law. See Federal Rule of Evidence 201(b), (c)(2); *Norris v Hearst Trust*, 500 F3d 454, 461 n 9 (5th Cir 2007) (holding that "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record").

Being properly considered, these records show that Shields wasn't arrested by The Houston Police Department in August 2022. Dkt 8-1 (original motion, attaching criminal history conviction name search). Instead, he was arrested that month by officers of the Harris County Constables Office Precinct 4 for felony stalking, five days *after* the incident alleged in this case. Id at 8–9; Dkt 8-3 (incident and investigation report); see generally Dkt 8 at 15–16. The evidence also establishes that Shields was eventually arrested by St. Thomas University police in February 2024 for the possession of cocaine that occurred on August 24, 2022. Dkt 8-10 at 2 (felony charge). Notably absent from each such exhibit is any mention of HPD officers.

Shields thus lacks standing to sue the City as a factual matter. The motion to dismiss will also be granted on this basis. Dkt 14.

### 4. Conclusion

The motion by Defendant City of Houston to dismiss for lack of subject-matter jurisdiction is GRANTED. Dkt 14.

The claims against the City are DISMISSED WITHOUT PREJUDICE.

5

So ordered.

Signed on July 17, 2024, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge